Carole Patricia ROBERTS, Plaintiff,

v.

ARIZONA BOARD OF REGENTS,
Defendant.

No. Civ. 76–824 Phx. WPC.

United States District Court,
D. Arizona.

July 6, 1979.

Ronald J. Logan, of Logan & Aguirre, Phoenix, Ariz., for plaintiff.

Stephen K. Smith, Asst. Atty. Gen., Phoenix, Ariz., for defendant.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

Plaintiff Carole Patricia Roberts was employed by defendant Arizona Board of Regents in the Police Department of Arizona State University. She has alleged that the Board of Regents discriminated against her in her employment with the police department. In response to Interrogatory No. 7 of the defendant's first set of interrogatories, Roberts listed twenty-five instances of alleged discrimination. The Board of Regents has now moved for summary judgment against Roberts on all twenty-five instances as well as the instance of termination from the university police department which Roberts seeks to add to her response to Interrogatory No. 7.

■■■ Defendant Board of Regents has first argued that many of the alleged incidents of discrimination are barred by the statute of limitations. According to Title VII, 42 U.S.C. § 2000e et seq., a charge of discrimination must be filed with the Equal Employment Opportunity Commission ("EEOC") within one hundred and eighty days of the alleged unlawful employment. 42 U.S.C. § 2000e–5(e). The time to file a discrimination claim with the EEOC is extended to three hundred days after the alleged unlawful employment practice occurred or thirty days after receiving notice that the state has terminated proceedings under state law where the state has an agency for reviewing employment discrimination claims. Id. Arizona does have a deferral agency, the Arizona Civil Rights Division; however, Roberts did not initially file her discrimination charge with that

agency. Rather, she filed her charge with the EEOC on September 10, 1975. Roberts did not file her charge with the Arizona Civil Rights Division until November 28, 1975. The EEOC could have forwarded the plaintiff's charge to the Arizona Civil Rights Division. *See Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). That would have created an effective filing date. The EEOC did not, though, forward the charge. It is clear that filing the charge with the EEOC alone did not constitute a filing in light of the provision in Title VII stating:

> In the case of an alleged unlawful employment practice occurring in a State . . . which has a State . . . law prohibiting the unlawful employment practice alleged and establishing or authorizing a State . . . authority to grant or seek relief from such practice . . . no charge may be filed [with the EEOC] by the person aggrieved before the expiration of [120] days after proceedings have been commenced under the State . . . law.

42 U.S.C. § 2000e–5(c). Thus, any instance of discrimination in employment occurring prior to June 1, 1975, is barred by the statute of limitations. *See Olson v. Rembrandt Printing Co.*, 511 F.2d 1228, 1233 (8th Cir. 1975) ("[A] charge of employment discrimination must be filed within 180 days whether or not the complainant is in a deferral state. If in a deferral state it must be filed with the state or local agency within 180 days.").

Plaintiff Roberts has in effect argued that the Board of Regents is liable for discriminatory practices so long as those practices remain in effect. To the extent that a practice identical to that occurring outside the statute continues to exist within the statute of limitations, there is a cause of action. The Supreme Court, however, has indicated that "[a] discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed." *United Airlines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1971). Thus, although a continuing violation can give rise to a cause of action, those instances that are part of the continuing violation which occurred prior to June 1, 1975, cannot be the basis for a charge of discrimination in employment. The first, second, fourth, eighth through fifteenth, eighteenth and nineteenth incidents of discrimination all are clearly alleged by Roberts to have occurred prior to June 1, 1975, and there is no allegation that instances of the discriminatory acts or practices occurred within the statute of limitations period. Thus, defendant Board of Regents is entitled to summary judgment as to a claim of discrimination in employment based on these incidents.

The third and sixteenth incidents of alleged discrimination concerned the failure of the Board of Regents to confer full senior officer status upon Roberts after May 29, 1975, and the failure to be paid as a senior officer according to representations made by her superior who acted on behalf of the Board of Regents. The Board of Regents has alleged, however, that on January 19, 1976, Roberts was granted senior officer pay retroactive to May 25, 1975. This allegation is supported by the affidavit of George Bays and is sufficient to moot the claim of discrimination in employment based on the failure to confer full senior officer status upon Roberts and pay her accordingly.

The fifth incident of alleged discrimination involved the failure to give memos announcing sergeant's tests to women. The affidavit of officer Peck, though, establishes without dispute that the memos involved here were available to all employees on an equal basis in two loose-leaf notebooks. Thus, there is no issue as to discriminatory notification of employment exams and the Board of Regents is entitled to summary judgment as a matter of law as to a claim of discrimination in employment based on this incident.

The sixth incident of alleged discrimination concerned the exclusion of police women from the memo announcing a detective's exam. The affidavit of Lieutenant Nielson

establishes without dispute that the alleged incident of discrimination occurred prior to June 1, 1975. Thus, the Board of Regents is entitled to summary judgment on plaintiff's claim of discrimination in employment based on this incident.

■ The seventeenth incident of alleged discrimination was about the failure to grant Roberts a merit raise. The affidavit of George Bays substantiates without dispute the allegation that Roberts did not receive a merit increase in July of 1976, because she had not performed her duties in a meritorious manner and had been excessively absent and tardy, and because of a severe limitation of merit funds which meant other officers senior to Roberts did not receive a merit increase as well. Thus there is no genuine issue that Roberts failed to receive a merit raise because of reasons other than sex discrimination and defendant Board of Regents is entitled to summary judgment on the claim of discrimination in employment based on this incident.

The twentieth through twenty-fifth incidents of alleged discrimination involved a notice in a university bulletin of a job opening for a patrolman as opposed apparently to patrolperson, the failure to hire a woman other than Roberts as a full-time commissioned officer between 1970 and 1977, certain derogatory remarks made by those employed by the Board of Regents and the failure to provide uniforms that fit females. These incidents simply do not give rise to a cause of action for discrimination in employment. Affidavits moreover indicate that modifications in uniforms supplied to university police officers could be obtained for women.

■ Finally, Roberts has attempted to supplement her answer to Interrogatory No. 7 adding her discharge as an additional incident of discrimination. This incident of discrimination was not included in her EEOC charge since termination occurred after the EEOC had processed her charge. Roberts, however, did not attempt to file an EEOC charge based on her discharge. Generally, a court has no jurisdiction to entertain a complaint in a Title VII action based other than on the discrimination alleged in

the EEOC charge and any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC. *See Oubichon v. North American Rockwell Corp.,* 482 F.2d 569, 571 (9th Cir. 1973). Discharge in retaliation for filing charges of discrimination and because of an employee's sex is not an incident like or reasonably related to the allegation of sex discrimination resulting in unfair treatment in promotion, compensation, job assignments, training, job classification, testing, qualifications, seniority and hiring. *See Moore v. Sunbeam Corp.,* 459 F.2d 811, 826 n.38 (7th Cir. 1972) ("[S]ince . . . discharge was not encompassed within the charge filed with the EEOC, it may not form the basis for a complaint in the federal district court."). *See also Thomas v. Arizona Board of Regents,* No. Civ. 78–141–TUC (D. Ariz. Sept. 18, 1978) (plaintiff's claim of retaliatory harassment is materially different from the charge of sex discrimination in wages presented to the EEOC and thus the Court lacks jurisdiction to entertain the claim of retaliatory harassment). Plaintiff's eleventh-hour attempt to include the claim of discrimination based on her discharge by supplementing her answer to Interrogatory No. 7, moreover, has prejudiced the defendant's opportunity to engage in additional discovery concerning a claim of discrimination in employment based on this incident. Thus, the Court lacks jurisdiction to entertain the claim, and even if the Court did have jurisdiction, the plaintiff is estopped to assert a claim of discrimination based on her discharge in this action. Therefore,

IT IS ORDERED:

1. The pretrial conference scheduled for October 29, 1979, is vacated.

2. Defendant's motion for summary judgment is granted.

3. The Clerk shall enter judgment accordingly.