**Elmer D. HAYNES, Jr., Plaintiff,**

v.

**Hans N. MARK, Secretary of the Department of the Air Force; Lt. Col. Dale R. Hendrickson, individually, and as an agent and employee of the United States Department of the Air Force; and Cmsgt. Charles W. Rice, individually, and as an agent and employee of the United States Department of the Air Force; David Sagan, individually, and as an agent of the United States Department of the Air Force; and Jesse Williams, individually, and as an agent of the United States Department of the Air Force, Defendants.**

**Civ. A. No. 80–K–600.**

United States District Court, D. Colorado.

Sept. 1, 1981.

Dana F. Strout, Michael F. Morrissey, Denver, Colo., for plaintiff.

William C. Danks, Ass't U. S. Atty., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

In this action plaintiff alleges that defendant deprived plaintiff of various constitutional rights by discriminating against him because of his age and race in their employment practices. Plaintiff seeks injunctive relief and damages. This court has jurisdiction under 28 U.S.C. § 1343.

On April 21, 1981 defendant Verne Orr, as successor to defendant Hans Mark, Secretary of the Air Force, filed a motion for partial summary judgment. In the brief accompanying that motion, defendant Orr argued that this court lacked subject-matter, jurisdiction over the aspects of plain-

tiff's complaint alleging that defendants retaliated against plaintiff for filing a discrimination complaint with the Equal Employment Opportunity Commission. Defendant argues that the retaliation claim may not be brought here because plaintiff did not first exhaust his administrative remedies by filing that claim with the EEOC.[1]

On May 29, 1981 plaintiff filed an amended complaint, which I accepted on June 1. Because the amended complaint also alleges impermissible retaliation, the motion for partial summary judgment is not moot. I now deny the motion.

 It is now settled that a complainant must exhaust available administrative remedies before filing a complaint under section 717(c) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c). *Brown v. General Services Administration*, 425 U.S. 820, 832–33, 96 S.Ct. 1961, 1967, 1968, 48 L.Ed.2d 402 (1976).[2] Courts will therefore not hear allegations of discrimination that are totally unrelated to the complaint filed with the EEOC. *See, e.g., Hubbard v. Rubbermaid, Inc.*, 436 F.Supp. 1184, 1187–89 (D.Md.1977). On the other hand, courts will not hold a complainant to the exact words of the complaint filed with the EEOC, but will hear all charges included in the general scope of the EEOC complaint. *Id.* When the complaint filed in the district court alleges that the employer has retaliated against the employee for filing a discrimination claim with the EEOC, courts have uniformly held that the employee need not exhaust administrative remedies on the retaliation claim. *Id.* at 1191 n.10; *Flesch v. Eastern Pennsylvania Psychiatric Institute*, 434 F.Supp. 963, 970 (E.D.Pa.1977); *Bernstein v. National Liberty International Corp.*, 407 F.Supp. 709, 713 (E.D.Pa.1976); *Held v. Missouri Pacific Railroad Co.*, 373 F.Supp. 996, 1001–02 (S.D.Tex.1974).

Defendant does not contend that plaintiff failed to exhaust any administrative remedies other than those relating to the retaliation claim. The motion for partial summary judgment must therefore be denied. It is

ORDERED that defendant Verne Orr's motion for partial summary judgment is denied.

---

1. Defendant concedes that plaintiff attempted to raise that claim at the EEOC hearing. The complaints officer refused to accept evidence of retaliation because plaintiff had not filed a formal complaint on that claim.

2. This contrasts with claims brought under 42 U.S.C. § 1983, where no exhaustion of administrative remedies is required. *Ellis v. Dyson*, 421 U.S. 426, 432–33, 95 S.Ct. 1691, 1694, 1695, 44 L.Ed.2d 274 (1975).