**BLUE BELL BOOTS, INC. formerly J. W. Carter Company, Petitioner,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Respondent.**

**Civ. A. No. 5035.**

United States District Court
M. D. Tennessee,
Nashville Division.
July 12, 1968.

Whiteford S. Blakeney, Blakeney, Alexander & Machen, Charlotte, N. C., F. A. Berry, Jr., Bass, Berry & Sims, Nashville, Tenn., for petitioner.

Carlton Petway, Asst. U. S. Atty., Nashville, Tenn., Daniel Steiner and David Cashdan, Equal Employment Opportunity Commission, Washington, D. C., for respondent.

## OPINION

FRANK GRAY, Jr., District Judge.

In this action the petitioner, Blue Bell, seeks an order of the court setting aside a demand for access to evidence which was served on petitioner by the respondent in March of 1968.

Petitioner alleged that the Commission had failed to comply with the provisions of the 1964 Civil Rights Act in varying respects. First, petitioner asserted that the charges which had been served upon the petitioner by the respondent were dated more than 90 days after the dates of discharge of the employees making the charges. In addition the petitioner relies upon the statutory provision pertaining to the time within which the Commission shall investigate the matter and attempt to conciliate the matters in controversy between the parties.

The record shows now, although petitioner was not aware of this at the time it filed its petition, that in November, 1966—well within the 90-day period after the discharges—seven former employees of a division of petitioner signed detailed charges on forms of the Commission. These charges were not verified under oath. The court has noted that on the form signed by these employees and directly above the space provided for signature, there is a parenthetical statement as follows: "The law requires that your charge be made under oath. You may take this paper for notarization to a notary public or other official who is authorized to administer oaths. If this is impractical, send this paper to the Commission without having it notarized. The Commission will arrange to have the oath administered to you."

The record also shows that the Commission did not do so but that in March of 1967, well after the 90-day period had expired, an employee of the Commission went to these seven charging employees and had them execute before him charges which were couched in general terms alleging violations of the act.

The court is aware of no reason why this employee of the Commission could not have taken the original signed instruments and had them verified under oath.

The record is not clear as to what occurred after March 29, 1967, although it does appear that immediately thereafter copies of these later charges were served upon the petitioner. However, as I stated earlier, the petitioner was not advised of the existence of any written charge, verified or not, made within the 90-day period and apparently did not know of this until after this action had been brought.

As to exactly what investigation took place by the Commission between March 29, or March 30, 1967 and the date on which the demand for access to evidence was served in March of 1968, I am not sure. Apparently there was contact between the Commission or some of its employees and the petitioner in the early part of 1967, in the first six months of 1967, but insofar as any statements made here today, there was no activity on the part of the Commission in connection with this matter after June of 1967 until March of 1968.

■ I think the weight of authority in the comparatively small number of cases that have been decided since the passage of the act is that an employee alleging discrimination must have exhausted his administrative remedies by initiating the conciliation and investigation procedures of the Commission prior to the bringing of an action in court.

That poses a rather difficult question for the court in this matter because the court must consider that although only two parties are before it in this action, there are the rights of others that will be affected by the decision, the rights of the seven employees who made the charges.

If the court holds that the Commission is barred from proceeding with this investigation because of the Commission's failure to comply with the statutory requirements, it may and according to the weight of authority, including some rather tough cases, be deciding that these seven employees, who relied on the Commission and relied on the written statement of the Commission in the forms which they signed, will be precluded from seeking any relief.

On the other hand, if the court determines that the Commission does have a right to proceed with its investigation under its demand for access to evidence, it is holding the statutory requirements to be of little weight and such a decision might be considered an encouragement to the Commission in its slipshod practices evident in this case.

I am aware, of course, that the Commission may have done the best it could with limited resources and a limited number of employees, and I think some consideration should be given to that with reference to time elements in some matters. Also it appears that during this period the Commission's office handling this matter changed at least twice, so I have considered that.

■ But in arriving at the decision which I will now proceed to make I have determined that the controlling factor for me must be what I consider to have been the controlling purpose in the passage of the act, that is, that investigatory and conciliatory measures be relied upon before, as one court termed it, the harsh action of a lawsuit.

■ So, considering all the factors, I have decided that the petition to dismiss must be denied. In argument counsel for the Commission has stated that the Commission does not insist on all of the matters set forth in its demand for access to evidence, a copy of which is in the record as Exhibit "B" to the petition.

Specifically counsel has stated that the Commission does not ask for Item 8 of the demand.

Further, counsel has stated that apparently an error was made in Item 7 which reads: "A résumé of the training given to supervisors;" that what is actually desired is a résumé of the training given by the supervisors of petitioner to the intraining employees of the J. W. Carter Company during the period in question.

■ I have also decided that the period involved in the demand is excessive and I will order the striking of information except for the period from September 1, 1966 to December 31, 1966. The discharges involved herein are asserted by respondent to have occurred in October and it seems to me that the four months period which I have delineated will be adequate for the purposes of investigation.

This demand was dated March 21, 1968 and directed that the evidence demanded be produced or made available to an employee of the Commission at the office of the respondent in Nashville on April 9, 1968. I direct that the date on which the evidence demanded as amended by respondent and by the order of the court, be furnished, be within twenty days from this date, on such date within that period as the parties may agree.

Possibly as a footnote to the decision which I have just announced and as a further reason for it, is the possibility that the Commission may find that there is not adequate evidence to indicate the truth of the charges, or that even though they may have been true at the time, there has been a change in attitude on the part of the petitioner and that it is in compliance with the provisions of the Civil Rights Act at this time, all of which might obviate the necessity of additional litigation.

The oral statement which I have made from the bench will serve as the opinion in the case, although it will be implemented by a written order which will make reference to this statement for the reasons for the decision.