Hartwell C. MACON, Sr.

v.

Benjamin F. BAILAR, etc.

No. 76-0398-R.

United States District Court,
E. D. Virginia,
Richmond Division.

May 1, 1978.

Kenneth V. Farino, Richmond, Va., Robert B. Fitzpatrick, Washington, D. C., for plaintiff.

Elliot Norman, Asst. U. S. Atty., Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, alleging race discrimination by the United States Postal Service (USPS). Plaintiff seeks to represent a class of black persons discriminated against by the use of an Estimate of Potential Form (Form 2577) and predominately white district review boards in the promotion system at the Postal Service. Because the Court believes that it lacks subject matter jurisdiction over such claims, the plaintiff's motion to certify this suit as a class action under Fed.R.Civ.P. 23 must be denied.

On 27 December 1973 the plaintiff filed an administrative charge with the Equal Employment Opportunity Officer for the USPS in Philadelphia, Pennsylvania. In his charge plaintiff charged that his supervisor, one Marrion A. Carroll, discriminated against him in connection with a temporary and, subsequently, a permanent promotion to the position of General Foreman in the Richmond Vehicle Maintenance Facility. The charge does not mention or allude to the discriminatory use of the Form 2577 or the district review board.

█ It is the law in this Circuit that only such discrimination as is "stated in the charge itself or developed in the course of a reasonable investigation of that charge," *King v. Seaboard Coast Line R. Co.*, 538 F.2d 581, 583 (4th Cir. 1976), may form the jurisdictional basis of a civil action under Title VII. *See also, EEOC v. American National Bank*, 574 F.2d 1173, 1175 (4th Cir. No. 76–2452, 18 April 1978); *Nance v. Union Carbide Corp.*, 540 F.2d 718, 727 (4th Cir. 1976), *vac. on other grounds* 431 U.S. 952, 97 S.Ct. 2671, 53 L.Ed.2d 268 (1977); *EEOC v. General Electric Co.*, 532 F.2d 359, 365–66 (4th Cir. 1976).

█ The discrimination suffered by the class which plaintiff seeks to represent is far different from that set forth in the administrative charge. The administrative investigation conducted as a result of the administrative charge failed to reveal any discrimination whatsoever. Accordingly, the Court concludes that it is without jurisdiction to consider the charges of discrimination sought to be made on behalf of the class in this suit. *Hubbard v. Rubbermaid, Inc.*, 436 F.Supp. 1184 (D.C.Md.1977).

Plaintiff argues that the administrative investigation of his complaint *should* have revealed the types of class-wide discrimination of which he now complains, and he urges the Court to do the job the administrative agency failed to do. He argues that it is surely not the fault of the plaintiff that he could not perceive the far-reaching pattern of discrimination that allegedly exists. Nor can plaintiff be faulted that the agency would not accept class-type com-

plaints or investigate the discriminatory impact of their own promotional practices. Plaintiff suggests that the investigation was not a reasonable investigation of his charge, and urges that this action may encompass such discrimination as would have been revealed by a reasonable investigation.

■ This argument misses the point. Congress intended that before a charge of discrimination could become the basis for a lawsuit against an employer under Title VII the employer should have the opportunity to correct its fault out of court.[1] If the employer had notice of the fault through a formal charge or through an investigation by an agency entrusted with the management of an equal employment opportunity system, the employer would have such an opportunity. But the principle urged upon the Court by plaintiff could and in this case would result in a civil suit on a charge of discrimination *that had never been made by anyone at any time* prior to the filing of the complaint in the district court.

This is such a wide departure from the focus on conciliation discussed in *Alexander v. Gardner-Denver Co., supra,* that it would, if accepted, wholly scuttle the scheme envisioned by Congress. It is not surprising, then, that plaintiff was unable to cite a single case upholding his position—indeed, none even dealing with his novel view.[2]

One of the better expositions of this Court's jurisdictional reach in Title VII cases is *Hubbard v. Rubbermaid, Inc.,* 436 F.Supp. 1184 (D.C.Md.1977). That case did not deal with certifying a class but dealt with the closely related question of the breadth of the Court's jurisdiction. It is axiomatic that a class cannot exceed the Court's jurisdiction. *Rubbermaid* makes clear that the Court's jurisdiction is defined by the discrimination set forth in the administrative charge along with such other discrimination as may have been found to exist and is charged as a result of a reasonable administrative investigation. *Hubbard v. Rubbermaid, Inc.,* 436 F.Supp. 1184, 1192–93.

■ In line with *Rubbermaid* this Court holds that in order for the district court to have jurisdiction over a charge of discrimination not set forth in the original administrative charge, the discrimination must have been actually found and stated to be such in the conclusion or findings of the investigation. Conditions, statistics and observations merely commented on or discussed without resolution cannot properly be relied upon for jurisdiction. There must be some certainty in what was found and labeled as discrimination so that the bench and bar can proceed with some degree of confidence and predictability.

A reading of the conclusion or findings of the investigation in this case does not set forth the use of the Estimate of Potential form nor the use of review boards as being discriminatory. These alleged instruments of discrimination are thus outside the Court's jurisdiction. Further, a careful, page-by-page review of the record of the administrative investigation in this case does not reveal any intimation that the Estimate of Potential form or the district review boards were used in a manner which discriminated against blacks. Such a review of the administrative record is unnecessary but it clearly rules out any suggestion that such charges may be "read into" the original charge or into the investigative conclusion. Such charges, in fact, had never been made by anyone at anytime prior to the filing of the complaint in the District Court. Accordingly, plaintiff's motion to

---

1. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 44, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

2. In no case discovered by this Court has there been a contention that the investigation revealed too little in the way of discrimination. The arguments have always been that the discrimination found was unreasonably outside the scope of the original administrative charge made by the employee, that is, that the investigation was unreasonably broad. Having studied scores of investigative reports (including the one in this case) this Court believes there is scant danger of an investigation being unreasonably narrow. They are all veritable models of bureaucratic thoroughness—and that is intended as a compliment.

certify this action as a class action must be denied.[3]

An appropriate order shall issue.

**3.** A class of persons allegedly discriminated against by Mr. Carroll could be certified in this case but the discovery shows that there have been no more than a dozen Negroes under his supervision within the relevant period.