**Dorothy ALGEA**

v.

**Richard S. SCHWEIKER [1] Department of Health and Human Services.**

**Civ. A. No. M–80–3014.**

United States District Court, D. Maryland.

Nov. 25, 1981.

---

1. Richard S. Schweiker has succeeded to the office of Secretary of the Department of Health and Human Services, and has been substituted as the defendant. Rule 25(d)(1), Fed.R.Civ.P.

Gary Howard Simpson, Bethesda, Md., for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Brook Hedge and Richard E. Greenberg, Attys., Dept. of Justice, Washington, D. C., J. Frederick Motz, U. S. Atty., and Stuart O. Simms, Asst. U. S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

The plaintiff, Dorothy Algea, is a federal employee who contends she has been unlawfully denied promotions by her employer, the Secretary of the Department of Health and Human Services (Secretary). The plaintiff's six-count complaint alleges that in failing to promote her on five separate occasions the Secretary violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* The Secretary has moved to dismiss both statutory claims under counts IV and V on the ground that the plaintiff failed to exhaust her administrative remedies.[2] The plaintiff has filed a response opposing the Secretary's Motion,[3] and the Secretary has filed a reply to the plaintiff's response.[4] The court heard oral arguments on November 6, 1981, and the matters raised in the Secretary's motion are now ready for decision.

Before addressing the substance of the parties' arguments, the court will comment briefly on the procedural posture of this case. The Secretary predicated his dismissal motion on Rule 12(b)(1), Fed.R.Civ.P., apparently viewing the plaintiff's alleged failure to comply with the Acts' respective procedural requirements as an impediment to the court's subject matter jurisdiction. By letter dated September 14, 1981,[5] the court informed the parties that it would consider the Secretary's motion under Rule

---

**2.** Paper No. 11.

**3.** Paper No. 12.

**4.** Paper No. 13.

**5.** Paper No. 17.

56. Aside from the parties' reference to matters outside of the pleadings, it was appropriate to do so because the court's subject matter jurisdiction is not implicated by the matters raised in the Secretary's motion.

Until recently, most courts referred to the time and other procedural requirements of Title VII and the ADEA as "jurisdictional prerequisites." As noted by Judge Anderson in his exhaustive opinion in an ADEA case, *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 587–94 (5th Cir. 1981) (en banc), however, the great weight of authority now holds that such procedural requirements do not implicate the court's subject matter jurisdiction. Rather, procedural requirements such as time limitations are more analogous to statutes of limitations than to jurisdictional impediments. *Accord, Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069–70 (5th Cir. 1981) (Title VII).

The Fourth Circuit has followed this view in the context of a private Title VII action against a non-federal defendant. According to Judge Haynsworth, "[t]hough these procedural requirements are often referred to as jurisdictional, their time limitations do not affect the competence of the court." *Citicorp Person-To-Person Fin. Corp. v. Brazell*, 658 F.2d 232, 234 (4th Cir. 1981), *citing Coke, supra.* Consequently, a plaintiff may be relieved of strict compliance with certain procedural requirements should the equities of the case so require.

In *Oaxaca v. Roscoe*, 641 F.2d 386, 388 (5th Cir. 1981), the Fifth Circuit applied the non-jurisdictional concept to a private Title VII suit against a federal defendant. Writing for the court, Judge Rubin commented that a motion to dismiss for failure to exhaust federal administrative remedies is also more analogous to a dismissal motion based on the expiration of the statute of limitations rather than one based on a jurisdictional limitation. *Accord, Cooper v. Bell*, 628 F.2d 1208, 1213 (9th Cir. 1980). Consequently, the appropriate procedural motion is a motion under Rule 12(b)(6) for failure to state a claim which, in turn, should be considered under Rule 56 when the parties rely on matters outside of the pleadings. 641 F.2d at 391–92.

One practical difficulty that arises in this case, however, by considering the Secretary's motion under Rule 56 is that if the motion were granted there would be a decision on the merits. Thus, the plaintiff would be precluded from taking additional administrative or judicial steps in connection with unexhausted but otherwise facially valid claims. Such an approach in all cases would effectively undermine the equitable considerations applicable to both Title VII's and the ADEA's prelitigation procedural requirements. While there are important differences between the two statutes' procedural requisites, *Citicorp Person-To-Person Fin. Corp. v. Brazell*, 658 F.2d at 234, both statutes contemplate the application of equitable exceptions in the appropriate case. *See, e.g., Oaxaca v. Roscoe*, 641 F.2d at 388–91 (Title VII); *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d at 589–95 and cases cited therein (ADEA & Title VII). On the other hand, a denial of a Rule 56 motion would result in the court considering unexhausted claims.

As will be discussed below, although the plaintiff has neither exhausted fully her administrative remedies under Title VII, nor complied strictly with the notification requirements of the ADEA, the equities of this case counsel against precluding forever the plaintiff's claims under counts IV and V. Consequently, they will be dismissed, without prejudice, under Rule 12(b)(6), rather than considered under Rule 56. Given the specificity of the plaintiff's complaint, which refers to and incorporates by reference the affidavit of her equal employment opportunity (EEO) counselor, there is an adequate basis for assessing the sufficiency of the plaintiff's exhaustion and other procedural efforts under the standards applicable to a motion under Rule 12(b)(6). *See, e.g., Chertkof v. Mayor & City Council of Baltimore,* 497 F.Supp. 1252, 1258 (D.Md. 1980).

## I. Overview

The plaintiff is a sixty-one year old legal assistant with the Office of Operational Policy and Procedures, Technical Documents Branch of the Social Security Administration (SSA). She has worked for the SSA since 1940, and has been a GS–13 since 1972.

On June 4, 1978, Armand Esposito, a thirty-six year old male, was selected non-competitively for a temporary GS–14 promotion to Branch Chief of the SSA's Individual Rights Branch. On June 18, 1978, Karen Wilson, a thirty-two year old female, was reassigned non-competitively to the GS–14 position of Director of the Litigation Staff. On July 30, 1978, Donald Bruns, a fifty-four year old male was reassigned non-competitively to the GS–14 position of Chief of the SSA's Eligibility Branch. Believing that her non-selection for these positions was based on sex and age discrimination, the plaintiff filed a formal administrative complaint on August 7, 1978.[6]

In the Fall of 1978, Steve Siff, a male under the age of fifty, was promoted to the GS–14 position of Chief of the SSA's Individual Rights Branch, replacing the temporarily promoted Armand Esposito. Also in the Fall of 1978, Sander Weissman, a male under the age of fifty, was promoted to the GS–14 position of Chief of the SSA's Payment Branch.

On November 24, 1978, the plaintiff sought counseling from Peter A. DiRito, her equal employment opportunity (EEO) counselor, and discussed with him the Siff and Weissman selections and the procedures for filing an administrative complaint. Although DiRito took steps directed towards an informal resolution of the matter, and indicated to the plaintiff that these additional claims should be joined with those already in the formal complaint process, it is undisputed that DiRito never issued to the plaintiff a written notice of her right to file a formal administrative complaint.[7] It is also undisputed that the plaintiff never filed such a complaint, with respect to the Siff and Weissman selections, or attempted to join these claims with those contained in the formal complaint.

## II. Discussion

In opposing the Secretary's motion as to her Title VII claims under counts IV and V, the plaintiff advances three arguments. The first two require little discussion and present insufficient grounds for resisting the Secretary's motion.

■ The plaintiff first contends that because she timely initiated the pre-complaint administrative process, by consulting with DiRito as to the Siff and Weissman selections, she has complied with the statutory exhaustion requirement of section 717(c), 42 U.S.C. § 2000e–16(c). It does appear that the plaintiff did initiate properly the administrative procedures contemplated by the applicable regulations. 29 U.S.C. §§ 1613.213(a), 1613.214(a)(i) (1981). It is plain, however, that such limited action does not constitute the sort of administrative exhaustion contemplated by Congress as a precondition to the judicial resolution of a federal employee's Title VII claim. *See Brown v. General Services Administration*, 425 U.S. 820, 832–33, 96 S.Ct. 1961, 1967–68, 48 L.Ed.2d 402 (1976).

■ The plaintiff's second contention, that the Siff and Weissman selections may be litigated here because they are "within the scope" of her formal administrative complaint, is similarly without merit. *See, e.g., Mobley v. Acme Markets, Inc.*, 473 F.Supp. 851, 853 (D.Md.1979); *Hubbard v. Rubbermaid, Inc.*, 436 F.Supp. 1184, 1187–93 (D.Md.1977). *See also Bickley v. University of Maryland*, 527 F.Supp. 174, 178 (D.Md.1981). Even assuming, however,

---

**6.** The Secretary issued a final decision on the plaintiff's administrative complaint, finding no discrimination, on June 26, 1979. The plaintiff appealed to the EEOC, which remanded the complaint to the Secretary on November 1, 1980. This action was filed within thirty days of the plaintiff's receipt of the EEOC's remand decision. 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1613.281 (1981).

**7.** Affidavit of Peter A. DiRito, Paper No. 1, Ex. 1.

that the Secretary should have considered the Siff and Weissman selections in connection with the plaintiff's formal complaint, *see* 29 C.F.R. § 1613.216(a) (1981), the policy objectives behind section 717(c), as explained in *Brown*, 425 U.S. at 833, 96 S.Ct. at 1968, militate against permitting the plaintiff to go forward in this court with claims not actually considered by the Secretary or the EEOC. *Cf. Macon v. Bailar*, 451 F.Supp. 140, 141–42 (E.D.Va.1978) (rejecting private employee's attempt to litigate claims neither set out in administrative charge nor addressed by EEOC during its investigation).

The plaintiff's final argument, that the Secretary's failure to follow the applicable regulations cannot operate to bar forever her Title VII claims under counts IV and V, has merit. Although mandating administrative exhaustion statutorily, section 717(c), 42 U.S.C. § 2000e–16(c), Congress left it to the Civil Service Commission, as succeeded by the EEOC,[8] to prescribe the specific aspects of administrative exhaustion. Section 717(b), 42 U.S.C. § 2000e–16(b). *See Bethel v. Jefferson*, 589 F.2d 631, 643 (D.C.Cir.1978); *Adams v. Bailar*, 426 F.Supp. 263, 264 (E.D.Va.1976). The regulations applicable to the plaintiff's Title VII claims are set out in 29 C.F.R. §§ 1613.201 to 1613.283 (1981).[9]

■ It is settled that as long as properly promulgated administrative regulations are extant they have the force of law. *United States v. Nixon*, 418 U.S. 683, 695–96, 94 S.Ct. 3090, 3100–01, 41 L.Ed.2d 1039 (1974). *See Vitarelli v. Seaton*, 359 U.S. 535, 539–40, 79 S.Ct. 968, 972–73, 3 L.Ed.2d 1012 (1959); *Service v. Dulles*, 354 U.S. 363, 372–73, 77 S.Ct. 1152, 1157, 1 L.Ed.2d 1403

(1957); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265–68, 74 S.Ct. 499, 502–04, 98 L.Ed. 681 (1954). Further, it is plain that the regulations at issue here were promulgated for the benefit and guidance of federal employees seeking to vindicate the rights granted to them by Title VII. Section 717(b), 42 U.S.C. § 2000e–16(b). *See United States v. Caceres*, 440 U.S. 741, 752–53, 99 S.Ct. 1465, 1472, 59 L.Ed.2d 733 (1979). *Accord, Mayor & City Council of Baltimore v. Mathews*, 562 F.2d 914, 922 n. 6 (4th Cir. 1977) (en banc). Consequently, if the Secretary has failed to follow the applicable regulations, and such failure has resulted in prejudice to the plaintiff, the plaintiff is entitled to appropriate relief.

■ In the instant case, the plaintiff took the first step required by the regulations when she consulted DiRito about the Siff and Weissman selections within thirty days of their promotions. 29 C.F.R. § 1613.-214(a)(i) (1981). DiRito, however, never issued to the plaintiff a written notice of an inability to resolve the matter informally and her right to file a formal complaint within fifteen days of her receipt of the written notice. 29 C.F.R. § 1613.213(a) (1981). Under such circumstances, it would be inequitable to bar forever the plaintiff's Title VII claims under counts IV and V for her failure to file a formal complaint within the time contemplated by 29 U.S.C. § 1613.-214(a)(ii) (1981).[10] *Cf. Siegel v. Kreps*, 654 F.2d 773, 777 (D.C.Cir.1981) (plaintiff took no steps toward exhaustion of administrative remedies).

The Secretary has the authority, under 29 C.F.R. § 1613.214(a)(ii)(4) (1981), to waive the time-to-file limitations set out in 29

---

8. All functions under § 717 of Title VII, originally vested in the Civil Service Commission, were transferred to the EEOC by Reorganization Plan No. 1 of 1978, § 3, 43 Fed.Reg. 19,-807, 92 Stat. 3781 (codified at 5 U.S.C. Appendix II).

9. These regulations were originally codified at 5 C.F.R. §§ 713.201 to 713.283 (1978), and were recodified in 29 C.F.R. § 1613, Subpart B without significant change.

10. There is no provision in the regulations requiring a claimant to join subsequently arising claims with a previously filed formal complaint. The plaintiff's failure to do so in the instant case, even if a practical alternative, does not excuse the Secretary's failure to abide by the express terms of 29 C.F.R. § 1613.213(a) (1981). Similarly, the plaintiff's experience regarding the applicable procedures appears to have operated to her detriment in that she waited for DiRito to send her written notice.

C.F.R. § 1613.214(a)(i) & (ii) (1981). The court has determined, however, not to leave this matter to the Secretary's discretion. Accordingly, while the plaintiff's Title VII claims under counts IV and V will be dismissed, without prejudice, the court will enter a decree directing the Secretary to consider administratively the Siff and Weissman selections.

■ The plaintiff's ADEA claims under counts IV and V stand on a similar footing. In the context of an ADEA action against a non-federal defendant, the better view holds that the procedural requirements applicable to such cases, 29 U.S.C. § 626(d)(1) & (2), are not jurisdictional and are subject to equitable modification. *See, e.g., Naton v. Bank of California*, 649 F.2d 691, 695–96 (9th Cir. 1981); *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d at 587–95; *Dartt v. Shell Oil Co.*, 539 F.2d 1256, 1259–61 (10th Cir. 1976), *aff'd by an equally divided court*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977).

In addition, the Court in *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 757–58, 99 S.Ct. 2066, 2072, 60 L.Ed.2d 609 (1979), although declining to interpret as optional the ADEA's requirement that a private employee first resort to state administrative remedies before obtaining judicial relief, 29 U.S.C. § 633, held that such employee does not lose his right to federal relief by failing to pursue state remedies prior to filing a judicial complaint. 441 U.S. at 764–65, 99 S.Ct. at 2075–76.

In 1974, Congress added a cause of action for federal employees under the ADEA. Act of Apr. 8, 1974, Pub.L.No. 93–259, § 28(b)(2), 88 Stat. 74 (codified at 29 U.S.C. § 633a). *See* H.R.Rep. 913, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News 2811, 2849–50. As in the case of non-federal employees, Congress determined that the policies of the ADEA could best be effectuated for federal employees by providing a limited opportunity to re-solve claims administratively. Section 633a(d) of the ADEA provides:

"When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred. Upon receiving a notice of intent to sue, the Commission shall promptly notify all persons named therein as prospective defendants in the action and take any appropriate action to assure the elimination of any unlawful practice."[11]

The legislative history of the ADEA is silent as to whether the procedural requirements of section 633a are jurisdictional. The court concludes, however, that they are not. In the court's view, it would be illogical to hold that Congress intended the granting of equitable relief to non-federal employees in connection with sections 626(d) and 633, while, without so stating, erected an absolute jurisdictional barrier in suits by federal employees for noncompliance with section 633a. *But see Hinton v. Soloman*, 475 F.Supp. 105, 107–09 (D.D.C. 1979); *Carter v. Marshall*, 457 F.Supp. 38, 42 (D.D.C.1978). In other words, although a federal employee is required by section 633a to file either an administrative complaint or notice of intent to sue with the EEOC prior to maintaining a lawsuit under section 633a(c), a federal employee's failure to do so prior to filing a judicial complaint does not, in all cases, bar forever a court's consideration of the claim.

■ In the instant case, the plaintiff fulfilled section 633a(b)'s requirements with respect to her ADEA claims under counts I through III by first seeking an administrative resolution from the Secretary and the EEOC. *See* 29 C.F.R. §§ 1613.511 to 1613.-

---

11. The commission referred to in the Act is the Civil Service Commission. All functions under the ADEA originally vested in that body, however, have been transferred to the EEOC. Re-organization Plan No. 1 of 1978, § 2, 43 Fed. Reg. 19,807, 92 Stat. 3781 (codified at 5 U.S.C. Appendix II).

521 (1981).[12] It appears that she would have pursued that route as to her ADEA claims under counts IV and V had her EEO counselor fulfilled his duties under 29 C.F.R. § 1613.213 (1981) with respect to her related Title VII claims. Under the circumstances, the court concludes that these ADEA claims should not be barred forever due to the plaintiff's failure to comply with section 633a(d), and that the plaintiff should be permitted to seek judicial relief after she has fulfilled that section's requirements.

In the ordinary case, when a federal employee has not fulfilled section 633a(d)'s procedural requirements, and equitable considerations warrant relief from such procedural default, the court would hold the federal case in abeyance until compliance with that section. *Cf. Oscar Mayer & Co. v. Evans,* 441 U.S. at 764–65, 99 S.Ct. at 2076 (federal suit by private employee held in abeyance pending presentment of ADEA claim to state agency). In this case, however, since the court will dismiss, without prejudice, the plaintiff's Title VII claims under counts IV and V to permit administrative exhaustion, it is appropriate to also dismiss, without prejudice, the plaintiff's related ADEA claims. When the plaintiff has complied with the procedural requirements applicable to both her Title VII and ADEA claims, and should a judicial resolution remain necessary, the plaintiff may refile her complaint as to counts IV and V in this Court.

For the reasons set out above, it is this 25th day of November, 1981, by the United States District Court for the District of Maryland, ORDERED:

1. The Secretary's motion to dismiss counts IV and V of the plaintiff's complaint, or in the alternative for summary judgment, is DENIED;

2. The plaintiff's Title VII and ADEA claims under counts IV and V of the complaint are DISMISSED, WITHOUT PREJUDICE; and

IT IS DECLARED, ADJUDGED AND DECREED:

12. The Secretary does not contend otherwise.

1. The Secretary has failed to follow the regulations applicable to the plaintiff's Title VII and ADEA claims under counts IV and V of the complaint; and that such failure has operated to the plaintiff's prejudice; and

2. The Secretary shall afford the plaintiff an opportunity to exhaust her administrative remedies with respect to those claims; and

3. Upon the plaintiff's fulfillment of the applicable procedural requirements, she may, if necessary, refile her Title VII and ADEA claims in this Court.

AND IT IS FURTHER ORDERED that the Clerk shall forward a copy of this Memorandum and Order to counsel for the parties.