**Doris MILLS, Plaintiff,**

v.

**JEFFERSON BANK EAST, Defendant.**

**Civ. A. No. 81–K–2149.**

United States District Court,
D. Colorado.

March 15, 1983.

Sylvian Roybal, Denver, Colo., for plaintiff.

Theodore A. Olsen, Sherman & Howard, Denver, Colo., for defendant.

MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This matter comes before me on defendant's motion for pretrial rulings. Because of the nature of the request, I asked for briefs. Defendant argues (1) that this court has no jurisdiction over plaintiff's Title VII claims because the Notice of Right to Sue on which these claims are based was improperly issued by the EEOC and (2) that this court lacks jurisdiction over plaintiff's Title 42 U.S.C. § 1981 claims for damages for emotional distress because her exclusive remedy for the alleged injuries is workmen's compensation. I will discuss each argument separately.

### LACK OF SUBJECT MATTER JURISDICTION OVER THE TITLE VII CLAIMS

Plaintiff filed a charge of employment discrimination with the EEOC on December 8, 1981. One expedited resolution procedure meeting was held and telephonic and written communication occurred between counsel. On February 8, 1982, plaintiff requested the EEOC to issue a notice of right to sue. The notice was issued on

March 2, 1982 and received by plaintiff on March 5, 1982. This action was commenced December 16, 1981, but upon receipt of the right to sue letter, plaintiff sought and received permission to file an amended complaint adding her Title VII claims.

As Judge Arraj stated in *Latino v. Rainbo Bakers, Inc.,* 358 F.Supp. 870, 871 (D.Colo.1970):

> 42 U.S.C. § 2000e–5 establishes a rather elaborate procedure to be followed by a person who feels that he has been the victim of unlawful employment practice. He must first file a charge with the EEOC, a step which initiates an investigation by the Commission. If the EEOC determines that the charge is true, it must initially attempt to resolve the problem by conciliation or persuasion. 42 U.S.C. § 2000e–5(a) .... Only after any state remedies have been pursued and after EEOC conciliation efforts have failed may a complaint be filed in the district court. 42 U.S.C. § 2000e–5(3). The purpose of this procedure is twofold. First it notifies the charging party of the violation. Second, and more important, it permits the EEOC to consider all the charges and to resolve them through conciliation and voluntary compliance. (citations omitted)

Numerous courts have ruled that the purpose of the 180-day rule of 42 U.S.C. § 2000e–5(f)(1)[1] is to promote conflict resolution through conciliation rather than litigation. *See, e.g., Bowe v. Colgate-Palmolive Co.,* 416 F.2d 711 (7th Cir.1969); *McCarthy v. Cortland County Community Action Program, Inc.,* 487 F.Supp. 333 (D.C. N.Y.1980); *Batis v. Great American Federal Savings & Loan Ass'n,* 452 F.Supp. 588 (D.C.Pa.1978); *Macon v. Bailar,* 451 F.Supp. 140 (D.C.Va.1978); *Smith v. Joseph Horne Co., Inc.,* 438 F.Supp. 1207 (D.C.Pa.1977); *Jiron v. Sperry Rand Corp.,* 423 F.Supp. 155 (D.C.Utah 1975); *Milner v. National School of Health Technology,* 409 F.Supp. 1389 (D.C.Pa.1976); *Blue Bell Boots, Inc. v. EEOC,* 295 F.Supp. 1060 (D.C.Tenn.1968), aff'd, 418 F.2d 355 (6th Cir.1969). Other courts have held that to permit a notice of right to sue to issue from the EEOC prior to the expiration of the 180-day time period is inconsistent with congressional intent under the Civil Rights Act of 1964. The notice is defective and does not satisfy the jurisdictional prerequisites to private employment discrimination actions. Therefore any claims based on defective notice must be dismissed. *Loney v. Carr-Lowrey Glass Co.,* 458 F.Supp. 1080 (D.Md.1978); *Scott v. Board of Education of Harford County,* 18 FEP 1230 (D.Md.1977); *Hiduchenko v. Minneapolis Medical & Diagnostic Center, Ltd.,* 467 F.Supp. 103 (D.Minn.1979); *Budreck v. Crocker National Bank,* 407 F.Supp. 635 (N.D.Calif.1977).

Plaintiff contends that the EEOC may issue the notice if it determines that settlement conciliation will not be possible within the 180 days citing 29 C.F.R. § 1601.28(2) and the EEOC Compliance Manual in support. 29 C.F.R. § 1601.28 entitled "Notice of right to sue: Procedure and authority" says:

> (2) When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued, and the charge to which the request relates is filed against a respondent other than a government, governmental agency or political subdivision, the Commission may issue such notice as described in § 1601.-28(3) with copies to all parties, at any time prior to the expiration of 180 days

---

1. 42 U.S.C. § 2000e–5(f)(1) provides in relevant part:

> "... If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this subsection, whichever is later, the Commission has not filed a civil action under this section ... or the Commission has not entered into a concilia-

tion agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice..."

from the date of filing the charge with the Commission; provided that the District Director, the Area Director, the Director of the Office of Field Services or the Director of the Office of Systemic Programs has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge *and has attached a written certificate to that effect.* (emphasis added)

No such written certificate has been provided me to support plaintiff's argument that such was the reasoning behind the commission's actions. Plaintiff admits that only one settlement conference was held before the commission in addition to the letters and phone calls before "it was determined *by counsel for plaintiff*, that this matter could [not] be settled through the informal process of conference and conciliation . . ." (emphasis added) (Plaintiff's response brief at page 2). This is not a decision to be made by counsel for plaintiff—or defendant—but by the commission after an investigation is made into the charges and an attempt at voluntary compliance or conciliation is made in fulfillment of the congressional mandate. Defendant maintains that no investigation was conducted by any federal or state agency. These procedures are, by congressional intent, established to avoid litigation, not encourage it. I agree with the United States District Court for the District of Maryland when it held in *Loney v. Carr-Lowrey Glass Co., supra,* that application of Section 1601.28(1)(2) of the Commission's Procedural Regulations, 42 F.R. 4782, 48837, 29 C.F.R. § 1601.28(a)(2) (September 22, 1977) is ". . . inconsistent with an obvious congressional intent." (quoting *Espinoza v. Farah Mfg. Co.,* 414 U.S. 86, 94, 94 S.Ct. 334, 339, 38 L.Ed.2d 287 (1973)). Defendant's motion to dismiss the Title VII claims for lack of subject matter jurisdiction is granted.

## LACK OF SUBJECT MATTER JURISDICTION OVER THE § 1981 CLAIMS FOR EMOTIONAL DISTRESS

■ Defendant has also moved to dismiss plaintiff's Title 42 U.S.C. § 1981 claims for emotional distress arguing that plaintiff's exclusive remedy lies with the state's workmen's compensation laws. It is well settled that such damages would not be recoverable under Title VII, *Alexander v. Consolidated Freightways Co.,* 421 F.Supp. 450 (D.Colo.1976); *Pearson v. Western Electric Co., Etc.,* 542 F.2d 1150, 1152 (10th Cir. 1976); *Rivas v. State Board for Community Colleges and Occupational Education,* 517 F.Supp. 467 (D.Colo.1981) (Kane, J.); *Royal v. State of Colorado,* (Unpublished Opinion, December 17, 1982) (Kane, J.), but they may be available under other sections of the Civil Rights Act. An individual who establishes a cause of action under § 1981 is entitled to both equitable and legal relief. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Johnson v. Ryder Truck Lines, Inc.,* 575 F.2d 471 (4th Cir.1978), *cert denied,* 440 U.S. 979, 99 S.Ct. 1785, 60 L.Ed.2d 239; *Gore v. Turner,* 563 F.2d 159 (5th Cir.1977).

■ In *Luna v. City and County of Denver,* 537 F.Supp. 798 (D.Colo.1982) I held workmen's compensation did not bar recovery of damages based primarily on mental suffering and humiliation. I distinguished cases such as that presented here from the Colorado case of *Kandt v. Evans,* 645 P.2d 1300 (Colo.1982). Defendant's motion to dismiss the § 1981 claims for emotional distress is denied. It is, therefore,

ORDERED that defendant's motion to dismiss the plaintiff's Title VII, 42 U.S.C. § 2000e *et seq.,* claims for lack of subject matter jurisdiction is granted and defendant's motion to dismiss the Title 42 U.S.C. § 1981 claims for emotional distress is denied.