NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3079

LEONARD E. MILLER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: May 4, 2006

_____

Before LOURIE, SCHALL, and PROST, Circuit Judges.

PER CURIAM.

Leonard E. Miller, appeals from a decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. Miller v. Dep't of the Navy, No. AT3443050534-I-1 (M.S.P.B. Oct. 4, 2005). On appeal, Mr. Miller contends that the Board erred in classifying his case as a "non-selection" case as opposed to a "priority consideration" case. Because Mr. Miller has failed to satisfy his burden of proving that the Board possessed jurisdiction over his appeal, we affirm.

## I. BACKGROUND

Mr. Miller, a GS-05 Police Officer with the Department of the Navy ("agency"), received a letter dated June 3, 2003 from the agency informing him that due to an administrative error in the selection process for a GS-083-07 position of Police Officer,

he would receive priority consideration for any GS-083-07 vacancy for which he later applied and was qualified at his current facility in Gulfport, Mississippi. Later, when he was not selected for another vacancy, announcement SE04-0083-08-MZ243122, he appealed his non-selection to the Board. Before the Board, he alleged that the agency failed to provide him with the promised priority consideration in the selection process for the vacant position which the agency filled in March, 2005. He asserted that the agency's failure was a breach of the agency's regulations and the Federal Personnel Manual.

The administrative judge assigned to the case notified Mr. Miller that the Board may not have jurisdiction over his non-selection. Mr. Miller responded by asserting that he was not appealing his non-selection; rather, he was appealing the agency's failure to grant him priority consideration in breach of its own regulations. On June 3, 2005, the administrative judge dismissed the appeal without a hearing, finding that the Board lacked jurisdiction over an appeal of a non-selection for promotion, absent certain exceptions that the administrative judge found were not applicable in Mr. Miller's case.

Mr. Miller filed a petition for review of the initial decision with the full Board. The Board denied his petition for review making the administrative judge's initial decision the final decision of the Board.

Mr. Miller timely sought review in this court, and we have jurisdiction to review a final decision of the Board under 5 U.S.C. §§ 7703(a)(1), 7703(b)(1).

## II. DISCUSSION

### A.

This court will overturn a decision of the Board if it is "(1) arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . ." 5 U.S.C. § 7703(c) (2000). Whether the Board has jurisdiction to adjudicate a particular appeal, however, is a question of law that we review de novo. Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1213 (Fed. Cir. 2003).

The Board's appellate jurisdiction is not plenary, it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. 5 U.S.C. § 7701(a). "An agency's failure to select an applicant for a vacant position is generally not appealable to the Board[,]" Prewitt v. Merit Sys. Prot. Bd., 133 F.3d 885, 886 (Fed. Cir. 1998) (citations omitted); rather, "claims of unlawful conduct in the selection process ordinarily must be brought before other forums[,]" id. (citing 5 C.F.R. § 300.104(b)). The Board does not have jurisdiction over allegations of prohibited personnel practices unless those allegations are part of an action alleging reprisal for whistleblowing activities, Spruill v. Merit Sys. Prot. Bd., 978 F.2d 679, 690-91 (Fed. Cir. 1992), or are coupled with an independently appealable adverse action, Brodt v. Merit Sys. Prot. Bd., 11 F.3d 1060, 11061 (Fed. Cir. 1993). Mr. Miller has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. Campion, 326 F.3d at 1213-14; 5 C.F.R. § 1201.56(a)(2) (2005).

B.

On appeal, Mr. Miller asserts that the agency violated its own regulations by failing to grant him priority consideration in the selection process. Specifically, Mr. Miller alleges that he was not provided with appropriate consideration for a vacant position to which he applied although priority consideration was previously promised to him by his

employer. Mr. Miller argues that the agency's breach of its own regulations is a sufficient ground for Board jurisdiction and cites Algea v. Schweiker, 529 F. Supp. 163, 167 (D. Md. 1981),[1] as support. Additionally, Mr. Miller asserts that the agency's action in its selection process was a prohibited employment practice and was discriminatory. Finally, Mr. Miller asserts that the agency discriminated against him because of his veteran's status and violated his veterans' preference rights and thus the Board has jurisdiction under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") and the Veterans Employment Opportunities Act of 1998 ("VEOA").

Counsel for the Board first asserts that the Board correctly characterized Mr. Miller's appeal as one underlying agency action, i.e., a non-selection of Mr. Miller for promotion. Because Mr. Miller has not asserted that his non-selection for promotion was in retaliation for whistleblowing, counsel for the Board asserts that the Board lacks jurisdiction over his appeal. Second, counsel for the Board notes that although the Board has jurisdiction over denials of certain priority consideration, that jurisdiction is limited to reemployment priority afforded former employees following a reduction-in-force or recovery from a compensable injury, and because Mr. Miller has not alleged any entitlement to a reemployment priority, the Board lacks jurisdiction over his non-selection for promotion. Third, counsel for the Board asserts that Mr. Miller's discrimination claim is not an independent ground for Board jurisdiction and without an otherwise appealable action, the Board lacks jurisdiction over his discrimination claim as

---

[1] While the court in Algea stated that "as long as properly promulgated administrative regulations are extant they have the force of law[,]" it was not in the context of discussing Board jurisdiction with respect to a denial of priority consideration or non-selection and thus does not shed light on the question of the Board's jurisdiction in this case.

well. Fourth, counsel argues that the priority consideration at issue is not an employment practice over which the Board has jurisdiction because there was no Office of Personnel Management ("OPM") involvement in the agency's actions regarding Mr. Miller's priority consideration. Finally, counsel asserts that Mr. Miller did not raise any argument under the USERRA or any allegation of discrimination based upon his prior military service before the Board, nor did he suggest that his veterans' preference rights had been infringed or that he wished to appeal such an issue to the Board, even though his petition for review did mention the VEOA.

We agree that the Board lacked jurisdiction to entertain Mr. Miller's appeal. First, non-selection for promotion is not an independently appealable action. See 5 U.S.C. § 7512 (describing the actions covered); Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1034 (Fed. Cir. 1993) ("no law, rule, or regulation authorizes a direct appeal to the Board respecting a nonselection for promotion" outside the exception of the Whistleblower Protection Act). Mr. Miller does not allege that he engaged in any whistleblowing, and thus has failed to satisfy his burden of showing that the Board has jurisdiction over his non-selection.

Second, Mr. Miller cannot avail himself of the agency's regulations because he is not a former employee due to either a reduction-in-force or a compensable injury. See 5 C.F.R. §§ 1201.3(a)(13) (identifying, as part of the Board's appellate jurisdiction, cases in which a person is entitled to priority employment consideration because of a reduction-in-force or because of a partial or full recovery from a compensable injury), 302.103 (compensable injury), 302.501 (individual who is entitled to priority consideration pursuant to § 302.103 may appeal a violation of his restoration rights to

the Board), and 330.201-209 (discussing employment priority consideration).

Third, although Mr. Miller's petition for review suggests that the agency's action in its selection process was discriminatory, discrimination is not an independent ground for Board jurisdiction, Schmidt v. Dep't of Interior, 153 F.3d 1348, 1356 (Fed. Cir. 1998); Saunders v. Merit Sys. Prot. Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1985); rather, an independently appealable adverse action must also be present for the Board's jurisdiction to properly lie, Brodt v. Merit Sys. Prot. Bd., 11 F.3d 1060, 1061 (Fed. Cir. 1993). Because Mr. Miller does not have an independently appealable adverse action, the Board does not have jurisdiction over Mr. Miller's claim of discrimination.

Fourth, while the Board does have jurisdiction over an appeal of an employment practice applied by OPM, there was no OPM involvement with respect to the agency's actions regarding Mr. Miller's priority consideration. See 5 C.F.R. §§ 300.104 ("A candidate who believes that an employment practice which was applied to him or her by the Office of Personnel Management violates a basic requirement in § 300.103 is entitled to appeal to the Merit Systems Protection Board . . . .") (emphasis added), 1201.3(a)(19) (identifying Board jurisdiction over "Employment practices administered by the Office of Personnel Management to examine and evaluate the qualifications of applicants for appointment in the competitive service . . . .") (emphasis added). Thus, without OPM involvement these regulations do not give the Board jurisdiction over Mr. Miller's case.

Fifth, because Mr. Miller did not raise his allegations regarding the USERRA before the Board, we will not consider his arguments with respect to that provision on appeal. See Synan v. Merit Sys. Prot. Bd., 765 F.2d 1099, 1101 (Fed. Cir. 1985)

("Petitioner cannot raise before this court an issue which could have been raised below but which was not.") (citation omitted). Additionally, in order to establish Board jurisdiction over an appeal brought under the VEOA, the petitioner must, inter alia, "allege that an agency has violated a statute or regulation relating to veterans' preference." Campion, 326 F.3d at 1213 (citing 5 U.S.C. § 3330a). Because Mr. Miller has not alleged that the agency has violated a statute or regulation relating to veterans' preference rights, the Board does not have jurisdiction under the VEOA to consider Mr. Miller's appeal.

Finally, as a matter of explanation to Mr. Miller, we believe the Board characterized Mr. Miller's appeal as one essentially alleging non-selection rather than failure to give priority consideration because, in general, it is more likely that the Board may have been able to assert jurisdiction over a non-selection case, rather than a failure to give priority consideration case. Thus, the Board's characterization of Mr. Miller's case appears to be an attempt to assist his case by considering a legal basis for his claim that would be more likely to be within the Board's jurisdiction. Regardless, the Board correctly determined that under either theory or characterization of his case, it did not have jurisdiction to consider Mr. Miller's appeal.

## III. CONCLUSION

For the foregoing reasons, Mr. Miller has failed to prove that the Board possessed jurisdiction over his appeal. Accordingly, the Board's final decision is affirmed.

No costs.